U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Fort Worth Regional Office, Region VI
Office of Public Housing
801 Cherry Street, Unit #45, Ste. 2500
Fort Worth, TX 76102
www.hud.gov

October 11, 2017

Troy Broussard
President/CEO
Dallas Housing Authority
3939 North Hampton Road
Dallas, TX 75212

Dear Mr. Broussard:

Thank you for your letter from David Zappasodi, of September 27, 2017, regarding the Project Based Voucher Program ("PBV"). Your letter is a request for further guidance. In the past, the Dallas Housing Authority ("DHA") had advertised for Request for Proposals ("RFP") to provide single-family housing for individuals with intellectual and developmental disabilities ("IDD"). You had previously asked my office whether "property owners with a project-based voucher contract [can] rent to relatives if their close relative is an applicant with a disability seeking approval to live in this project-based voucher assigned dwelling as a reasonable accommodation', pursuant to 24 C.F.R. 983.209(e)."

As your September 27, letter asserts, the relevant PBV program regulation here is 24 CFR §983.251(a)(4). My February 25, 2017, letter did not consider the 2014 amended regulation that reads at §983.251(a)(4):

(a)Who may receive PBV assistance

...

(4) A PHA may not approve a tenancy if the owner (including a principal or other interested party) of a unit is the parent, child, grandparent, grandchild, sister, or brother of any member of the family, unless the PHA determines that approving the unit would provide reasonable accommodation for a family member who is a person with disabilities.

In your September 27, letter, you also note that 24 CFR §983.210(e) reads:

By execution of the HAP contract, the owner certifies that at such execution and at all times during the term of the HAP contract:

...

(e) The owner (including a principal or other interested party) is not the spouse, parent, child, grandparent, grandchild, sister, or brother of any member of a family residing in a contract unit.

The certification regulation at 24 CFR §983.210(e) is not to be viewed as an impediment to granting a reasonable accommodation request to approve a tenancy where the owner is a close

EXHIBIT A

relative. Where the regulation at 24 CFR §983.251(a)(4) applies, DHA should handle a PBV tenant's or applicant's reasonable accommodation request as it would any other reasonable accommodation request. If DHA does indeed grant a reasonable accommodation as required under Federal civil rights laws, for DHA to properly certify you must make a request to my office for a regulatory waiver of the certification regulation.

Notably, regardless of whether the program regulation specifically refers to reasonable accommodations, PHAs are always required to provide reasonable accommodations consistent with Section 504 of the Rehabilitation Act ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), the Fair Housing Act, and their implementing regulations.

Lastly, I must point out that if DHA is to issue an RFP, you should be aware that the RFP must comply with all applicable Federal civil rights and fair housing laws and requirements, including Section 504 and HUD's implementing regulation at 24 C.F.R. part 8. Specifically, proposing to limit the PBV assistance to a specific class of individuals with disabilities may not be permissible under Section 504. I am advised to direct you to 24 C.F.R. § 8.4(c)(1), where it reads, in part:

...A specific class of individuals with handicaps may be excluded from a program if the program is limited by Federal statute or Executive order to a different class of individuals.

See also 24 C.F.R. § 8.4(b)(1)(iv) (Section 504 regulation); 24 C.F.R. § 982.207(b)(3) (applicable program regulation precluding preferences for persons with a specific disability). There are, however, ways a successful PBV RFP may be proposed to serve individuals with disabilities, including the subpopulation of individuals with IDD. We recommend referring to HUD's Statement on the Role of Housing in Accomplishing the Goals of *Olmstead*, https://www.hud.gov/sites/documents/OLMSTEADGUIDNC060413.PDF, as well as HUD's January 18, 2017 Notice entitled Housing Opportunity Through Modernization Act of 2016: Implementation of Various Section 8 Voucher Provisions ("HOTMA Notice"), https://www.gpo.gov/fdsys/pkg/FR-2017-01-18/pdf/2017-00911.pdf. In particular, the HOTMA Notice provides guidance regarding preferences for families who qualify for voluntary services.

For any questions regarding Section 504, please feel free to contact Jeanine LaFratta, Jeanine.LaFratta@HUD.gov; (202)402-2812.

Thank you for your inquiry and for giving me the opportunity to clarify this matter. If you have any other questions please call me at (817) 978-5716.

Sincerely,

Regenia Hawkins

Director

Office of Public Housing